JEFFREY W. DAHOOD
KNIGHT & DAHOOD, PLLC
Attorneys at Law
113 East Third Street
P.O. Box 727
Anaconda, MT 59711
Telephone: (406)563-3424
Facsimile: (406)563-7519
ATTORNEYS FOR PLAINTIFF

FILED
JUN 29 2023
Tom Bowers, Clerk
By_____
Deputy Clerk
$120

MONTANA SECOND JUDICIAL DISTRICT COURT
BUTTE-SILVER BOW COUNTY

| LAURI YELENICH,<br>Plaintiff,<br><br>Vs.<br><br>MISSION SENIOR LIVING, LLC; BIG SKY SENIOR LIVING; BIG SKY SENIOR LIVING A/K/A BIG SKY ASSISTED LIVING; BIG SKY SENIOR LIVING ON WATERFORD WAY; BIG SKY SENIOR LIVING ON WATERFORD WAY RETIREMENT HOME; BUTTE ASSISTED LIVING, LLC; AND KELLY CRIPPEN, Individually and as Human Resources Director,<br><br>Defendants. | Cause No. DV-23-161<br><br>**COMPLAINT**<br><br>ROBERT J WHELAN<br>JUDGE DEPT. II<br><br>SUMMONS ISSUED |
|---|---|

COMES NOW the Plaintiff, LAURI YELENICH, and for her causes of action against the above-named Defendants, for which she demands a jury trial, claims and alleges as follows:

### PARTIES, JURISDICTION, VENUE AND FACTS COMMON TO ALL COUNTS
### I.

Plaintiff, LAURI YELENICH, hereinafter Yelenich, for all times material to this complaint has been and continues to be a resident of the City of Butte, County of Silver Bow, State of Montana.

1 Complaint

## II.

Defendants, MISSION SENIOR LIVING, LLC; BUTTE ASSISTED LIVING, LLC; BIG SKY SENIOR LIVING; BIG SKY SENIOR LIVING A/K/A BIG SKY ASSISTED LIVING; BIG SKY SENIOR LIVING ON WATERFORD WAY; BIG SKY SENIOR LIVING ON WATERFORD WAY RETIREMENT HOME, are businesses running the senior living, assisted living and memory care units in Butte-Silver Bow County, Montana, with an address of 3701 Elizabeth Warren Avenue, Butte, Montana 59701.

## III.

That KELLY CRIPPEN is employed by the Defendants. At the time of the Plaintiff's wrongful termination, Kelly Crippen was in charge of human resources at the business known as Big Sky Senior Living and now Mission Senior Living in Butte-Silver Bow County, Montana, at all times material hereto. That KELLY CRIPPEN as human resources director was instrumental in the wrongful discharge of the Plaintiff.

## IV.

This Court has original jurisdiction over the claims alleged herein pursuant to Section 3-5-302, MCA and Section 25-2-122, MCA.

## V.

Venue is proper in the Montana Second Judicial District Court, Butte-Silver Bow County, Montana pursuant to Section 25-2-118 and Section 25-2-122, MCA. The employment of the Plaintiff, wrongful discharge from employment and all torts happened or were committed in Butte-Silver Bow County, Montana.

## VI.

The general allegations set forth below are common to all counts of this complaint and are incorporated into each count as though fully set forth herein.

## VII.

Plaintiff, Yelenich, was employed by the Defendants as the Administrator of Big Sky Senior Living located on Elizabeth Warren Street, in Butte-Silver Bow County, Montana. Plaintiff Yelenich held that position of employment to December 27, 2022, and worked that position from July, 2005, approximately seventeen (17) years.

## VIII.

Plaintiff, Yelenich, did not receive any criticism of her job performance or any disciplinary warnings during her employment with the Defendants. To the contrary, Plaintiff received many positive performance evaluations and her evaluations were positive for her job performance.

## IX.

That during her course of employment with the Defendants, new residents applied for residency at Big Sky Senior Living apartments. Plaintiff interviewed the residents and determined them fit to be a part of the Big Sky Senior Living residential environment. Before moving the residents into the living quarters, one of the residents attempted suicide and was moved to a hospital in Missoula, Montana for care. During that time, Plaintiff had contact with several members of the team, including Kelly Crippen, Human Resources Director, at Big Sky Senior Living and the Defendants named herein regarding the "suicide" attempt by one of the potential residents. It was determined that the residents could in fact move into the facility and again the same

resident attempted another suicide. Plaintiff had many conversations with the Defendants, including Kelly Crippen, as the Human Resources Director, employed by the Defendants regarding the potential housing of these residents in the rental areas of the Defendants. The Defendants including Kelly Crippen, as Human Resources Director, asked Plaintiff to handle the situation and then for no reason, terminated her employment. Defendants did not have a sustained or immediate Performance Improvement Plan for its employees and instead, during this time, the Defendants created a hostile work environment for the Plaintiff because of her genuine concerns regarding the new residents and one in particular's motivation towards suicide and prior suicide attempt/s. That the Defendants through their actions and/or inactions created a hostile and intimidating work environment for the Plaintiff, Yelenich, in violation of Montana law.

### X.

On December 27, 2022, Plaintiff, Yelenich, was wrongfully terminated from her employment with the Defendants without cause, thereby breaching the contract the Plaintiff, Yelenich, had with the Defendants.

### XI.

Due to the wrongful discharge in this matter, Defendants by and through its employees and agents violated Section 39-2-904, MCA, the Montana Wrongful Discharge from Employment Act.

### XII.

That the Plaintiff was in a protected age group at the time of her dismissal from employment and wrongful termination of her employment with the Defendants.

### XIII.

As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered lost wages and fringe benefits for which she claims damages against the Defendant.

### XIV.

That the actions of the Defendants caused a hostile work environment for Plaintiff for which Plaintiff has suffered damages.

### XV.

That Defendants are liable for the actions of its employees under the legal doctrine of respondeat superior.

## COUNT ONE
## BREACH OF CONTRACT

### XI.

The Plaintiff, Yelenich, incorporates the proceeding paragraphs of this complaint as if fully set forth herein.

### XII.

For all times during her employment with the Defendants, Plaintiff, Yelenich, fulfilled her job duties in a competent, faithful and diligent manner.

### XII.

Plaintiff, Yelenich, had no prior disciplinary record at the time of her discharge and had not received any notice or warning regarding any problems with her employment contract with the Defendants.

### XIII.

Plaintiff, Yelenich, had been employed by the Defendants for approximately seventeen (17) years and she had completed the probationary period of her employment.

### XIV.

Defendants termination of Plaintiff's employment was a breach of contract that the Plaintiff, Yelenich, held with the Defendants.

### XV.

As a direct and proximate result of Defendants' breach of employment contract of Plaintiff, Yelenich, Plaintiff, Yelenich, is entitled to recover damages.

### COUNT TWO
### WRONGFUL DISCHARGE
### FROM EMPLOYMENT

### XVI.

The Plaintiff, Yelenich, incorporates the proceeding paragraphs of this complaint as if fully set forth herein.

### XVII.

For all times material hereto, Plaintiff, Yelenich, fulfilled her job duties in a competent, faithful and diligent manner.

### XXII.

Plaintiff had no prior disciplinary record at the time of her discharge and had not received any notice or warning regarding her discharge from her employment with the Defendants. Plaintiff was not given any notice of the termination and was given no opportunity to provide the Defendants with information regarding the Defendants' reasoning for such wrongful discharge. Defendants did not implement a Performance Improvement Plan, either sustained or immediate, for their employees, and Plaintiff,

Yelenich, was not provided with any guidance to continue her employment with the Defendants. In fact, the Defendants asked her to handle the situation that presented itself with the suicide attempts and when the Plaintiff handled the situation as she felt necessary and according to the directions of the Defendants, she was terminated from her employment without any warning. Thereafter, Kelly Crippen, one of the Defendants in this action, replaced the Plaintiff in her position at the business of the Defendants.

### XXIII.

Plaintiff had been employed by Defendants for approximately seventeen (17) years and she had completed the probationary period of her employment.

### XXIV.

Defendants discharge of Plaintiff was wrongful under MCA Section 39-2-904 (1)(B).

### XXV.

As a direct and proximate result of Defendants wrongful discharge of Plaintiff, Yelenich, Plaintiff is entitled to recover damages as set forth in MCA Section 39-2-905.

### COUNT THREE
### BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING

### XXVI.

Plaintiff realleges and restates all of the allegations as set forth in the preceding paragraphs.

### XXVII.

There is implied in every contract in Montana the covenant of good faith and fair dealing.

## XXVIII.

Defendants, in their actions of wrongful discharge of Plaintiff by making her working conditions intolerable, have breached their obligation of acting in good faith and fair dealing and are guilty of common law bad faith.

## XXIX.

Defendants acted with actual malice and actual fraud in creating a hostile work environment for the Plaintiff for which they should be required to pay Plaintiff punitive damages.

## COUNT FOUR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## XXX.

Plaintiff realleges and restates all of the allegations as set forth in the preceding paragraphs.

## XXXI.

Defendants engaged intentional infliction of emotional distress including but not limited to the following:

1. By subjecting Plaintiff, Yelenich, to harassment, intimidation and retaliation by acting with ulterior motives and disregard for the rights of the Plaintiff, by advising her to proceed with directions from the Defendants in performing her job with regard to the housing of the suicidal resident and then without warning terminating her employment.

2. The Defendants created a hostile and offensive work environment for the Plaintiff through the Defendants actions.

3. Plaintiff has suffered serious and severe emotional distress caused by the conduct of the Defendants, which was the reasonable, perceivable consequence of the intentional and wrongful acts of the Defendants.

4. As a direct and proximate result of the Defendants' intentional infliction of emotional distress and wrongful conduct as herein alleged, Plaintiff suffers and continues to suffer highly unpleasant mental reactions including, and without limitation, embarrassment and severe emotional distress, entitling her to damages in an amount to be proven at trial.

## XXXII.

The intentional conduct of the Defendants as set forth herein constitutes actual fraud or malice, justifying an award of punitive damages against the Defendants.

## XXXIII.

As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered compensatory damages which she claims against the Defendants.


The intentional conduct of the Defendants as set forth herein constitutes actual fraud or malice, justifying an award of punitive damages in the amount to be determined in a separate proceeding following the trial.

## COUNT FIVE
## CIVIL CONSPIRACY

## XXXIV.

The Plaintiff, Yelenich, incorporates the proceeding paragraphs of this complaint as if fully set forth herein.

9 Complaint

## XXXV.

That the Defendants, and each of them, had in mind an object to have the Plaintiff, Yelenich, terminated from her employment without cause, which is a violation of Montana Law. Plaintiff at the direction of the Defendants, and each of them, took the necessary steps to assist the suicidal resident and his family and when the Plaintiff made those decisions, at the request of the Defendants, and each of them, Plaintiff was terminated from her employment.

## XXXVI.

As a direct and proximate cause of the conspiracy of the Defendants, and each of them, Plaintiff, Yelenich, suffered damages in amount to be proven at trial.

## COUNT SIX
## DEFAMATION OF CHARACTER

## XXXVI.

The Plaintiff incorporates the proceeding paragraphs of this complaint as if fully set forth herein.

## XXXVII.

That Defendants and each of them have caused the Plaintiff, Yelenich, to be ridiculed and caused her to suffer embarrassment in her community though false allegations by Defendants.

## XXXVIII.

That due to the false allegations and statements about Plaintiff, Yelenich, by Defendants, Plaintiff has been unable to seek employment that would justly accommodate the Plaintiff for her long term employment as an administrator for the Defendants. Plaintiff has suffered damages as a result of the actions of the Defendants.

10 Complaint

## COUNT SEVEN
## AGE DISCRIMINATION

### XXXIX

The Plaintiff incorporates the proceeding paragraphs of this complaint as if fully set forth herein.

### XL.

That the Plaintiff was in a protected age group at the time of her dismissal from her employment and wrongful termination of her employment with the Defendants. That the Plaintiff was performing her job satisfactorily and was discharged.

### XLI.

That the Plaintiff has suffered severe emotional distress as a result of the actions of the Defendants. As a direct and proximate result of the Defendants' actions and age discrimination against the Plaintiff and other wrongful conduct as herein alleged, Plaintiff suffers and continues to suffer highly unpleasant mental reactions including, without limitation, grief, stress, disappointment, worry, anger, fear, depression, intimidation, embarrassment and severe emotional distress, entitling her to damages in an amount to be proven at trial.

## COUNT EIGHT
## OPPRESSION AND MALICE

### XLII.

The Plaintiff incorporates the proceeding paragraphs of this complaint as if fully set forth herein.

## XLIII.

That the Defendants through its executive officers and supervisors terminated Plaintiff's employment by actions which were oppressive and malicious and as a proximate cause thereof, Plaintiff has suffered financial and emotional hardship.

WHEREFORE, Plaintiff, Yelenich, demands judgment against the Defendants for:

1. For damages for breach of Plaintiff's contract with the Defendants;
2. For lost wages for the wrongful discharge from employment.
3. For the lost value of fringe benefits available to the Plaintiff through her employment;
4. For damages for age discrimination in employment;
5. For damages for harassment, intimidation and hostile work environment;
6. For damages for the intentional infliction of emotional distress suffered by the Plaintiff;
7. For all general and special damages allowed by law;
8. For reasonable attorney fees and costs;
9. For pre-judgment and post-judgment interest;
10. For punitive damages and exemplary damages; and
11. Any and all other relief that the Court may deem just and proper under the circumstances.

## Jury Trial Demand

Plaintiff hereby demands a trial by jury.

DATED this ___29nd___ day of June, 2023.

          KNIGHT & DAHOOD PLLC

          By: _____
                JEFFREY W. DAHOOD